# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer **RRP** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0928 | **DATE** | February 15, 2012 |
| **CASE TITLE** | Edward Carreon (#2011-1201193) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [#3] is denied. Plaintiff is directed to submit a renewed *i.f.p.* petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action, that is, from 8/9/2011 through 2/9/2012. Plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an *i.f.p.* application form, an amended complaint form, and instructions, along with a copy of this order. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case. Plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

    Plaintiff, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. Plaintiff is suing the Cook County Jail, Cook County and the City of Chicago, alleging deliberate indifference to a substantial risk of serious harm. He alleges that he was attacked by a group of inmates after his court call while waiting in a bullpen at the Cook County Jail. He alleges that the Correctional Officer on duty looked away from the television monitor, and that none of the officers on duty responded for six or seven minutes. Plaintiff alleges injury to his eye and his shoulder as a result of the attack.

    Plaintiff has failed either to pay the $350.00 filing fee and his application to proceed *in forma pauperis* contains no trust fund statement and is not properly certified by an appropriate jail official. It is therefore denied. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. The certification must be properly completed and executed by an authorized officer of his correctional institution, reflecting current trust fund account information.

    To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In this case, Plaintiff's *i.f.p.* petition is not properly certified by an authorized jail official, nor has Plaintiff included copies of his prison trust fund ledgers from the past six months.

    In short, if Plaintiff wants to proceed with this lawsuit, he must submit a properly certified *i.f.p.* petition by an authorized jail official, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from August 9, 2011, through February 9, 2012]. The Clerk will provide Plaintiff with a blank *i.f.p.* application form. The Clerk shall also forward a copy of this order to the trust fund officer at Vienna Correctional Center to facilitate compliance. Failure to comply [or to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d

**(CONTINUED)**

AWL

| STATEMENT |
|---|

990 (7th Cir. 1980). If Plaintiff submits another improperly certified *i.f.p.* application, this case will be summarily dismissed pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

In addition to his *i.f.p.* submission, Plaintiff will need to submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the amended pleading). The Cook County Jail is not a proper defendant as it is not a suable entity. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). And Plaintiff has not alleged sufficient facts to state a claim against Cook County or the City of Chicago. A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiff here has not suggested that he was the victim of an unconstitutional municipal policy or custom. He claims instead that on a single occasion, in Decmeber 2011, he was attacked by six or seven other inmates, resulting in damage to his left eye, diminished eyesight, and damage to his right shoulder. There is, therefore, no basis for liability on the part of the City of Chicago or Cook County.

Plaintiff must name as Defendants the individual correctional officer(s) who allegedly were deliberately indifferent to Plaintiff's safety. If Plaintiff cannot name the individual officers, he should name a supervisory official (such as Cook County Sheriff Tom Dart) for the purpose of identifying unknown Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Although Plaintiff may name Tom Dart in order to identify unknown Defendants, he has presented no basis for holding Mr. Dart personally liable under § 1983. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (supervisors cannot be held liable for the constitutional torts of a subordinate under a theory of *respondeat superior)*. Thus, Dart, or some other supervisor should be named as a Defendant in the amended complaint only if he is needed to identify the unnamed correctional officers.

Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated Plaintiff's constitutional rights. *See* FED. R. CIV. P. 33. After Plaintiff learns the individual Defendants' identities, he may again ask leave to amend the complaint to add their names. Summonses will then issue for service on Defendants in interest, and the supervisory Defendant will be dismissed. As there is a two-year statute of limitations for civil rights actions, Plaintiff is encouraged to attempt to identify the correctional officers as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

In preparing his amended complaint, Plaintiff should complete adequate legal research to ensure that when he pleads, he satisfies the notice pleading requirements of FED. R. CIV. P. 8(a). To state a failure to protect claim, a plaintiff-inmate must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); (*quoting Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). If Plaintiff wishes to pursue his deliberate indifference claim, he must allege more than a general risk of violence. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir, 2005) *citing McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir 1993). He must plead an "obvious" risk involving inmate violence. In order to successfully allege deliberate indifference, Plaintiff must plead that a "substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past." *Farmer* at 842. Plaintiff should evaluate the facts of his situation to determine whether the circumstances support such a claim.

The complaint currently on file is therefore dismissed without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all **(CONTINUED)**

| STATEMENT |
|---|

allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, Plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies. Plaintiff should only submit an amended complaint to the extent he can state a valid claim under § 1983. If he submits an amended complaint and the court finds that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the court will dismiss the case with prejudice and issue a strike pursuant to 28 U.S.C. § 1915(g). The Clerk will provide Plaintiff with the necessary forms along with a copy of this order. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case.